UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DARNELL FONDER, | ) |
| Plaintiff, | ) Case No. 18-cv-2281 |
| vs. | ) |
| | ) Judge Colin Stirling Bruce |
| OFFICER JOSEPH MARTINEZ and OFFICER MICHAEL SHREFFLER, | ) Magistrate Judge Eric I. Long |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR RULE 12(B) 6 MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Darnell Fonder, whose complaint acknowledged that his Fourth Amendment claims were untimely under existing circuit law, and that his suit was a "good faith attempt to change the law of the circuit," (Compl. ¶ 25), now seeks to retrofit his complaint in light of a Seventh Circuit case decided between the time Defendant Officers moved to dismiss and Fonder responded. *Mitchell v. City of Elgin*, __ F.3d __, 2019 WL 76881 (7th Cir. Jan. 2, 2019). But Fonder's effort is misguided. He over-reads *Mitchell* into creating a blanket rule, while in fact *Mitchell* turned on an unusually murky record. This case is different because to the extent there is a material fact question, it can be answered through judicial notice of court records. Even more importantly, *Mitchell* did not hide its skepticism of the very argument Fonder now advances. And finally, a Seventh Circuit case decided this week definitely rejects Fonder's Due Process theory.

I. **FONDER'S FOURTH AMENDMENT CLAIM IS UNTIMELY BECAUSE THE CONDITIONS OF HIS BOND DID NOT AMOUNT TO "CUSTODY."**

The Officers' motion to dismiss explained that under binding circuit precedent, Fourth Amendment claims for unlawful detention, such as Fonder's, accrue when a person is released from



custody because that is when the violation ends. *Manuel v. City of Joliet*, 907 F.3d 667, 670 (7th Cir. 2018), *r'hrg.* and *r'hrg. en banc denied,* ( Oct. 24, 2018). *See id.* Fonder responds that his claims are timely because even though he was paroled in February 2012, (Dkt. # 1, Compl. ¶¶ 11-12), he was still "in custody" for Fourth Amendment purposes until charges against him were dismissed on November 1, 2016. He points to a Seventh Circuit case which was decided between the time the Officers moved to dismiss and Fonder responded. (Dkt. # 10, Pl.'s Resp. re MTD, p. 1 (citing *Mitchell v. City of Elgin*, __ F.3d __, 2019 WL 76881 (7th Cir. Jan. 2, 2019)). *Mitchell*, he says, holds that whether a person released pending trial is "in custody" for Fourth Amendment purposes is a fact question which cannot be decided on a motion to dismiss. (*Id.* pp. 1-2) Thus, he argues, discovery must go forward. (*Id.* p. 5)

To be sure, *Mitchell* did find a question of fact as to whether that plaintiff was "seized" even though she was released on bond. *Mitchell*, 2019 WL 76881, at *1. But *Mitchell* itself explained that it did so *only* because the parties did not adequately respond to the Court's request for legal briefing, and because the record did not show that plaintiff's bond conditions. *Id.*

Here, by contrast, the record contains no such ambiguity. A file-stamped document from Fonder's underlying criminal case confirms that his bond conditions were simply to appear in court (which he did not always do), to alert the clerk of court of any change in address, and not to leave the state without judicial permission. This bond slip is a public record from a court docket. Defendants have attached a copy as Exhibit 1 to this motion. The Seventh Circuit has long held that a court may take judicial notice of public court records when ruling on a motion to dismiss. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). This case is the quintessential example of when such notice should be taken, because it would be a waste of resources to engage in full-blown discovery when the outcome-determinative fact is clear from public court records.

With this issue clarified, Fonder's position crumbles because *Mitchell* went out of its way to cast down on the legal argument Fonder now advances—that ordinary conditions of pretrial release qualify as a "seizure" under the Fourth Amendment. Because the record in *Mitchell* did not reveal what that plaintiff's bond conditions actually were, the Seventh Circuit did not formally rule on the issue. But *Mitchell* left little doubt on the Seventh Circuit's view. For starters, the *Mitchell* plaintiff tried to analogize pretrial release for Fourth Amendment "seizure" purposes to the law of *habeas corpus*, under which a person released on bail is still "in custody" and eligible to seek that writ. *Mitchell*, 2019 WL 7688, at * 1. *Mitchell* was "skeptical" of that comparison. *Id.* That plaintiff also pointed to other circuits which had treated the obligation to appear in court as a "seizure" under the Fourth Amendment, but *Mitchell* contrasted that "minority position" with the case law in the Seventh Circuit (and other circuits). Finally, while conceding that the Supreme Court's *Manuel* decision overruled certain circuit precedent, *Mitchell* noted that the Supreme Court did not address whether pretrial release could be a "seizure," and reiterated that such a view—again, the view Fonder is pushing here—was an "aggressive reading of the constitutional text."[1] *Id.* It added that such a reading would transform every pretrial release down to a traffic ticket into a potential Fourth Amendment claim, which is hardly a sensible result. *Id.* Here, Fonder's bond conditions are little more than showing up to court, and the additional requirement that he not leave the state without permission is hardly enough to tip the scales into a "seizure." *Cf. Bielanski v. Cty. of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) (requirement to ask the court permission before leaving the state is not a seizure).

The bottom is line that contrary to Fonder's claim that *Mitchell* "squarely held that the affirmative defense on which the Defendants seek to rely cannot be adjudicated on a motion to dismiss," (Dkt. # 10, Pl.'s Resp. re MTD, pp. 2-3), *Mitchell* took a dim view of Fonder's position

---

[1] Fonder conspicuously declines to acknowledge any of this appellate skepticism.

here, and only failed to reject that view outright because of an unusually silent record and a lack of briefing from the parties. Neither of those circumstances exist here, so the Court should reject Fonder's invitation to re-write the law now rather than forcing all parties to endure discovery before the inevitable conclusion.

## II.     FONDER'S FOURTEENTH AMENDMENT CLAIM IS UNTIMELY.

Fonder makes a parallel argument with respect to his Fourteenth Amendment Due Process claim: he argues that *Mitchell* abrogated previous circuit precedent under which he would have had no claim for "deprivation of liberty." (Dkt. # 10, Pl.'s Resp. re MTD, pp. 6-7) That is a very dubious reading of *Mitchell*, which said nothing about the Fourteenth Amendment. But whatever merit that positon had when written is gone.

The Seventh Circuit handed down a new decision in which it held, once and for all, that the Fourth Amendment and the Fourth Amendment alone governs *all* claims for unlawful pretrial detention. *Lewis v. City of Chicago*, __. F. 3d. __, (Case No. 17-1501, Slip Op., Jan. 23, 2019). Lest there be any doubt, *Lewis* overruled circuit precedent which could be interpreted to the contrary. In the Seventh Circuit's words: "It's now clear that a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment" and "injury of wrongful pretrial detention may be remedied under § 1983 as a violation of the Fourth Amendment, not the Due Process Clause." *Lewis*, Slip Op. pp. 10, 12 (emphasis in original). Therefore, to the extent Fonder is claiming unlawful "detention" or "deprivation of liberty" based on the conditions of his pretrial detention which was caused by allegedly "fabricated evidence," (Compl. ¶ 9), *no such claim exists*.

That said, as *Lewis* noted, there *is* a claim for unlawful conviction based on allegedly fabricated evidence. *Lewis*, Slip Op. p. 13 (emphasis in original). Fonder *had* such a claim, but that claim is not timely because it accrued when Fonder's initial conviction was overturned on September 13, 2013. (*See* Compl. ¶ 13) As Defendants' initial brief explained, *Johnson v. Winstead*, 900 F.3d 428

4

(7th Cir. 2018), held that such claims accrue the moment the conviction is overturned on appeal. (Dkt. # 8, Defs.' MTD, pp. 5-6) *Johnson* found plaintiff's claims as to his first conviction untimely, but his claims as to his second conviction timely, for that reason. Fonder protests that *Johnson* does not apply because it "involved an allegedly involuntary confession." (Dkt. # 10, Pl.'s Resp. re MTD, p. 5) But this distinction is irrelevant. Nowhere does *Johnson* purport to be creating a special set of rules for claims based on "allegedly involuntary confessions." Rather, *Johnson* stands for the rule that "claims for trial-based constitutional violations are indeed *Heck*-barred until the conviction is overturned," and after that, the statute of limitations begins to run regardless of whether the prosecution moves towards retrial.[2] *Johnson*, 900 F.3d at 439. A supposedly wrongful conviction is, by definition, a trial violation. In any event, Fonder does not contest the Officers' point that Fonder is making a claim for a trial-based violation. Any Due Process claim Fonder could bring for a wrongful *conviction* is three years too late.

## CONCLUSION

Fonder's appeal to newly-issued case law fails to salvage his claim. For the reasons articulated above, the Officers respectfully ask this Court to GRANT their motion to dismiss.

Respectfully submitted,

**/s/ Michael D. Bersani**
MICHAEL D. BERSANI, # 06200897
G. DAVID MATHUES, # 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

---

[2] Fonder's proposed distinction also makes little sense given the Seventh Circuit's instructions on how a plaintiff may preserve their rights for a civil suit when his or her criminal conviction is reversed, but the prosecution moves to re-try the case on remand. The plaintiff should *file* the civil suit, but then have that suit stayed pending the ongoing prosecution. (Dkt. 8, Defs.' MTD, p. 6 n.4 (citing cases)) This procedure would be the same regardless of why the conviction was reversed.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| DARNELL FONDER, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-cv-2281 |
| | ) |
| vs. | ) |
| | ) Judge Colin Stirling Bruce |
| OFFICER JOSEPH MARTINEZ and | ) |
| OFFICER MICHAEL SHREFFLER, | ) Magistrate Judge Eric I. Long |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

      I hereby certify that on _____, 2019, I electronically filed the foregoing ***Defendants' Reply Brief in Support of Their Rule 12(b)(6) Motion to Dismiss*** with the Clerk of the Central District Court, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants as follows:

Joel A. Flaxman and Kenneth N. Flaxman
Kenneth N. Flaxman, P.C.
200 S. Michigan Ave., Suite 201
Chicago, IL  60604
312-427-3200
Fax:  312-427-3930
jaf@kenlaw.com
knf@kenlaw.com

                                                               **/s/ Michael D. Bersani**
                                                               MICHAEL D. BERSANI, # 06200897
                                                                G. DAVID MATHUES, # 06293314
                                                                *Attorneys for Defendants*
                                                                HERVAS, CONDON & BERSANI, P.C.
                                                                333 W. Pierce Road, Suite 195
                                                                Itasca, IL 60143-3156
                                                                630-773-4774
                                                                mbersani@hcbattorneys.com
                                                                dmathues@hcbattorneys.com

IN THE CIRCUIT COURT OF KANKAKEE COUNTY, ILLINOIS
BAIL BOND — 725 ILCS 5/110

NAME: Darnell M Fonder

ADDRESS: [redacted]

BIRTHDATE: [redacted]     SSN: _____

CASE NO. 2010 CF 000 235

BOND AMOUNT: $10,000

10% / (RECOGNIZANCE) / CASH (Circle one)

IF 10% AMOUNT OF DEPOSIT _____

The undersigned defendant, being charged with the offense of Resisting a Peace Officer

The defendant is hereby released to appear on August 4th, 20 15 at 0930 AM. in Courtroom 309 of the Kankakee County Courthouse subject to the following conditions:

( X ) Appear to answer the charge in court until discharge or final order of court.

( X ) Obey all court orders and process; not leave this State without permission of court and report changes of address to the clerk within 24 hours.

( X ) Not to commit any criminal offenses while awaiting final order in this case.

(   ) Not contact or communicate with any complaining witnesses or members of their immediate families or: _____

(   ) Not go to the area or premises of: _____

(   ) Not consume intoxicating liquors or use drugs.

(   ) Other conditions: _____

(   ) Undergo alcohol/drug evaluation and treatment as prescribed.

(   ) Undergo medical or psychiatric treatment as ordered by the court.

(   ) Work or pursue a course of study or vocational training as ordered by the court.

(   ) Attend 26-week Inward Bound Abusers Counseling Program offered through Harbor House.

(   ) Refrain from contact or communication with the victim for a minimum period of 72 hours following the defendant's release.

(   ) Refrain from entering or remaining at the victim's residence for a minimum period of 72 hours following defendant's release.

FILED AUG 03 2015 — CIRCUIT COURT CLERK

BOND FEE PAID [ ✓ ]    BOND FEE DUE [ /7 ]    ID # [ 20003 ]

ASSIGNMENT OF BAIL BOND BY THE DEFENDANT

I hereby authorize the return of the money posted above to the person shown on this bail bond as having provided money for my bail after all conditions of this bail bond have been met.

X s/Darnell Fonder
Defendant's Signature

STATEMENT OF DEFENDANT

I understand and accept the terms and conditions set forth above and on the reverse side of this bail bond. Further, I understand that if I fail to appear as required the following may occur: (1) My bond may be forfeited; (2) A "no bond" warrant may be issued for my arrest; (3) the court may try me "in absentia"; (4) The State may charge me with the offense of "Violation of Bail Bond." Further, if I change addresses, I must notify the Circuit Clerk, in writing, within 24 hours.

X s/Darnell Fonder
Defendant's Signature

TAKEN before me this 30th day of July 20 15

[redacted]
Signature and Title of Officer

NOTICE TO PERSON PROVIDING BAIL MONEY OTHER THAN DEFENDANT

I hereby acknowledge that I have posted bail for the defendant named above. I further understand that if the defendant fails to comply with the conditions of the bail bond, the court shall enter an order declaring the bail to be forfeited and used to pay costs, attorney's fees, fines or other purposes authorized by the court. I further understand that, even if defendant complies with this bond, the money I have posted may be used to pay fine, costs and restitution if defendant is found guilty or pleads guilty to any offense.

Signature _____
Name _____
Address _____
City, State and Zip _____
Telephone No. _____
Dob: _____   SS# _____

EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DARNELL FONDER, | ) |
| Plaintiff, | ) Case No. 18-cv-2281 |
| vs. | ) |
| | ) Judge Colin Stirling Bruce |
| OFFICER JOSEPH MARTINEZ and | ) |
| OFFICER MICHAEL SHREFFLER, | ) Magistrate Judge Eric I. Long |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 24, 2019**, I electronically filed the foregoing ***Exhibit A to Defendants' Motion for Leave to File a Reply Brief in Support of Their Rule 12(b)(6) Motion to Dismiss*** with the Clerk of the Central District Court, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants as follows:

Joel A. Flaxman and Kenneth N. Flaxman
Kenneth N. Flaxman, P.C.
200 S. Michigan Ave., Suite 201
Chicago, IL  60604
312-427-3200
Fax:  312-427-3930
jaf@kenlaw.com
knf@kenlaw.com

　　　　　　　　　　　　　　　　　　　　**/s/ Michael D. Bersani**
　　　　　　　　　　　　　　　　　　　　MICHAEL D. BERSANI, # 06200897
　　　　　　　　　　　　　　　　　　　　G. DAVID MATHUES, # 06293314
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　HERVAS, CONDON & BERSANI, P.C.
　　　　　　　　　　　　　　　　　　　　333 W. Pierce Road, Suite 195
　　　　　　　　　　　　　　　　　　　　Itasca, IL 60143-3156
　　　　　　　　　　　　　　　　　　　　630-773-4774
　　　　　　　　　　　　　　　　　　　　mbersani@hcbattorneys.com
　　　　　　　　　　　　　　　　　　　　dmathues@hcbattorneys.com